FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
2026 NOV 17 PM 12:45
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>CONNIE SEASTEDT,<br>Defendant. | 8:26CR 198<br>INFORMATION<br>18 U.S.C. § 1343<br>18 U.S.C. § 981(a)(1)(C)<br>28 U.S.C. § 2461(c)<br>21 U.S.C. § 853(p) |

The United States Attorney charges:

**INTRODUCTION**

At all times material to this Information:

1. Defendant, CONNIE SEASTEDT, managed and operated "Captivating Travels by Connie" from her home located in Omaha, Nebraska.

2. Victim Company 1 is a national travel agency with a branch located in Omaha, Nebraska. Victim Customers, 1 through at least 107, resided in the District of Nebraska and elsewhere.

3. Captivating Travels by Connie contracted with Company 1 until the spring of 2025.

**COUNTS I AND II**
WIRE FRAUD

4. Paragraphs 1 through 3 of this Information are realleged and reincorporated by reference herein.

5. Beginning in or about June of 2024, through in or about August 2026, in the District of Nebraska and elsewhere, Defendant, CONNIE SEASTEDT, with the intent to defraud,

devised the below-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises.

The Scheme and Artifice to Defraud

6. The manner and means by which the Defendant, CONNIE SEASTEDT, carried out this scheme and artifice to defraud included, but was not limited to, the following:

   a. Defendant, CONNIE SEASTEDT, was the owner and operator of Captivating Travels by Connie, a travel agency.

   b. Defendant, CONNIE SEASTEDT, was an independent contractor of Victim Company 1.

   c. Through her roles at Captivating Travels by Connie, Defendant, CONNIE SEASTEDT, had access to customer names, addresses, and credit cards.

   d. Defendant, CONNIE SEASTEDT, used her access to her customers' information and payment information to charge customers' payment methods, such as credit or debit cards, to pay for the travel of another customer. The customers were told by Defendant, CONNIE SEASTEDT, that they were paying for their own travel arrangements, when in fact they were paying for the travel arrangements of a different customer of Defendant, CONNIE SEASTEDT, in a Ponzi-like scheme where new customers were paying for travel arrangements of prior customers.

   e. Defendant, CONNIE SEASTEDT, also would charge customers' payment methods without authorization to pay for other customers' travel.

   f. Defendant, CONNIE SEASTEDT, also charged customers, purportedly, for their travel, when, in fact, she was using the funds for her own personal travel. In doing so, Defendant, CONNIE SEASTEDT, would use the customers' card numbers and addresses to avoid detection, but would list her own name as the cardholder,

in order to avoid detection. Defendant, CONNIE SEASTEDT, would use multiple customers' credit cards and would make the charges correspond with amounts the customer anticipated in order to avoid discovery.

The Loss Amount

7. As a result of this scheme, the Defendant, CONNIE SEASTEDT, caused an actual loss of at least $525,879.05, with her scheme involving at least 107 victim customers.

The Wires in Furtherance

8. Paragraphs 1 through 7 of this Information are realleged and reincorporated by reference herein.

9. On or about the dates set forth below, and in the following manner, in the District of Nebraska and elsewhere, Defendant, CONNIE SEASTEDT, for the purpose of executing the scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, Defendant, CONNIE SEASTEDT, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs and signals described below, each said wire transmission constituting a separate count:

| Count | On or About Date(s) | Wire Description |
|---|---|---|
| I | On or about April 23, 2025 | Charged $3,255.58 to a Credit Union 1 debit card ending in 6680 for travel through Travel Service 1, an Internet-based travel company. Travel Service 1 is located in Milwaukee, Wisconsin. Credit Union1 is based in Springfield, Missouri, and uses Mastercard and FISERV servers to process their transactions. A FISERV server located in Lewisville, Texas processed the $3,255.58 transaction. Defendant, CONNIE SEASTEDT, initiated this transaction from her home in Omaha, Nebraska. |
| II | On or about April 11, 2026 | Charged $10,653 to a Credit Card Company 1 credit card ending in 93578 for travel through Travel Service 2, an |

| | | |
|---|---|---|
| | | Internet-based travel company. Travel Service 2 is located in Westlake Village, California. Credit Card Company 1 processes their transactions in Arizona. Defendant, CONNIE SEASTEDT, initiated this transaction from her home in Omaha, Nebraska. |

All in violation of Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**

1. The allegations contained in Counts 1 and 2 of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343 set forth in Counts 1 and 2 of this Information, the defendant, CONNIE SEASTEDT, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s). The property to be forfeited includes, but is not limited to, the following:

a. a money judgment in an amount equal to the proceeds obtained as a result of the entire Scheme set forth in Counts 1 and 2, but not less than $525,879.05.

b. The real property located at 19001 Olive Street, Omaha, NE 68136, also described as: Lot 7 Sugar Creek Replat 2, 2957-17-2-609999-000-0007

3. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

UNITED STATES OF AMERICA,
Plaintiff

LESLEY A. WOODS
United States Attorney
District of Nebraska

By:

WILLIAM W. CHEATHAM #28664
Assistant U.S. Attorney
1700 Farnam Street, Ste. 2500
Omaha, NE 68102-1506
Tel: (402) 661-3700
E-mail: william.cheatham@usdoj.gov

The United States of America requests that trial of this case be held in Omaha, Nebraska, pursuant to the rules of this Court.

WILLIAM W. CHEATHAM #28664
Assistant U.S. Attorney